LEIMER v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS.

No. 79.

District Court, W. D. Missouri, W. D.

July 29, 1940.

Such motions are to strike certain averments of such answer, for more definite statement or bills of particulars, to dismiss, and for the production of documents, as well as permission to plaintiff to file her replication. These will be considered.

■ 1. It is the right of the defendant to preserve in its answer its demurrers to plaintiff's petition, notwithstanding the ruling of the Court of Appeals that the petition did state a cause of action. The plaintiff cannot be harmed nor can additional burdens be placed upon her by preservation of this defense in defendant's answer.

■ 2. The motion to strike defendant's third defense on the ground that it is a departure is without merit. The defendant has not heretofore answered in the case. Moreover, it is not the rule that a defendant is held to a defense that may have been once interposed by it. The defendant is at liberty to change its defenses and its theories with respect to a proper defense. The principle involved in a departure appertains solely and alone to a plaintiff or to a defendant where the role of a plaintiff is assumed by a counterclaim.

■ 3. The several applications for bills of particulars should be denied. The averments of the answer are clear and, moreover, the principal object of a bill of particulars is to enable a litigant to plead intelligently. Under the several methods for discovery provided by the new rules, 28 U.S.C.A. following section 723c, plaintiff can obtain all the information she here seeks. However, an examination of the motions indicate the plaintiff calls for irrelevant and immaterial matter.

■ 4. The motion to dismiss should be overruled, although it is my opinion now the defendant is not entitled to recover on its counterclaim. It is not a mere stake-holder in this case. The matter can be left open until the case is tried, for the reason that the plaintiff will not be burdened by the presence of this demand. It is wholly a question of law and can be ruled on when the case is tried, as well as now.

■ 5. The plaintiff seeks permission to file a reply. While it does not seem necessary for the plaintiff to obtain such permission, it will be granted and plaintiff will be permitted to file her replication.

■ 6. An inspection of the pleadings does not disclose any reason why the mo-

Walter A. Leimer, of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., for defendant.

REEVES, District Judge.

To the answer of the defendant, the plaintiff has interposed numerous motions.

388

tion for the production of documents should be sustained. However, if the plaintiff desires to inspect the four policies which form the basis of this suit, and now in the hands of the defendant, an order will be granted requiring the defendant to produce these or copies thereof, for the inspection by counsel.

This memorandum opinion will constitute an order or orders in the case.